**BAOLIN ZHANG, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–76387.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007.*

Filed April 20, 2007.

R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Maria Christina Flores, Esq., Montclair, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Margot L. Nadel, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Curtis C. Pett, Esq., DOJ—U.S. Department of Justice Tax Division, Washington, DC, for Respondent.

Before: O'SCANNLAIN, GRABER, and CLIFTON, Circuit Judges.

## MEMORANDUM **

Baolin Zhang, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") decision, affirming the Immigration Judge's ("IJ") order denying his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252.

Where the BIA reviews the IJ's order de novo, this Court reviews the decision of the BIA. *See Singh v. Ashcroft,* 301 F.3d 1109, 1111 (9th Cir.2002). We review for substantial evidence, *see Sagaydak v. Gonzales,* 405 F.3d 1035, 1041 (9th Cir.2005), and we deny the petition for review.

Because Zhang protested the actions of a manager of the factory at which he was employed, rather than a deeply rooted scheme of government corruption, we conclude that substantial evidence supports the BIA's finding that Zhang failed to demonstrate persecution on account of political opinion. *See Grava v. INS,* 205 F.3d 1177, 1181 (9th Cir.2000) ("the salient question is whether [petitioner's] actions were directed toward a governing institution, or only against individuals whose corruption was aberrational").

Furthermore, we conclude that the BIA's finding that Zhang failed to bear his burden of proving eligibility for asylum, based on his alleged opposition to or violation of China's coercive population control policies, is supported by substantial evidence because Zhang failed to set forth any evidence in his asylum application or at his hearing regarding opposition to China's coercive population control polices. *See Nahrvani v. Gonzales,* 399 F.3d 1148, 1151 (9th Cir.2005) (applicant bears the burden of proof with respect to eligibility for asylum).

Because Zhang failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

Finally, we conclude that Zhang received "a full and fair hearing of his claims and a reasonable opportunity to present evidence on his behalf," and he cannot demonstrate that "the outcome of the proceeding may have been affected by the" IJ's alleged impartiality. *See Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000). Therefore, we deny his due process claim.

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.